Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD DASCHBACH,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**CALL TOOLS, INC.; JOHN BOWEN,** and DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No. 8:20-cv-00633-DOC-ADS<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, RICHARD DASCHBACH (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.  Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendants CALL TOOLS, INC. and JOHN BOWEN

(collectively referred to as "Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of New Hampshire, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant Call Tolls, Inc., a company with its principal place of business in California and incorporated in the State of Nevada. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant Call Tools, Inc., is headquartered and does business within the state of California.

## PARTIES

4. Plaintiff, RICHARD DASCHBACH ("Plaintiff"), is a natural person residing in New Hampshire, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant CALL TOOLS, INC. ("CTI"), is a telecommunications and telemarketing company and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. Defendant, JOHN BOWEN (hereinafter "BOWEN"), is an individual who at all relevant times was the president, chief executive officer ("CEO"), and owner of Defendant CTI. As owner of CTI, Defendant BOWEN was responsible for the overall success of the company. Defendant BOWEN materially

participated in selling and marketing business loans by occupying a position of critical importance to CTI's business. As the founding partner and CEO of CTI, Defendant BOWEN is liable for the nefarious conduct engaged in by CTI and its agents acting on CTI's behalf. Defendant BOWEN continued to play a key role in maintaining and expanding CTI's activities throughout the time in question

7. The above named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9. Beginning in or around July of 2019, Defendants contacted Plaintiff on his cellular telephone ending in -7110, in an effort to sell or solicit services on behalf of Complete Care Health Solutions, Inc.

10. Defendants called on July 17, 2019, from a telephone number known to belong to Defendants, (301) 763-6970.

11. Defendants used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff seeking to sell or solicit its

business services.

12. Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

13. Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

14. Plaintiff is not a customer of Defendants' services and has never provided any personal information, including his cellular telephone number, to Defendants for any purpose whatsoever.

15. Defendants never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

16. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

17. Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States who received any telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

18.     Defendants, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

19.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

20.     Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and Class members.

21.     Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

> a.     Whether, within the four years prior to the filing of this Complaint, Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number

assigned to a cellular telephone service;

b. Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

c. Whether Defendants should be enjoined from engaging in such conduct in the future.

22. As a person that received numerous calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

23. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

24. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

25. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such

**FIRST AMENDED CLASS ACTION COMPLAINT**
-6-

26. non-party Class members to protect their interests.

26. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

28. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

29. As a result of Defendants' negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

30. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

32. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

33. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of

$1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

34. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

## FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act
## 47 U.S.C. §227 et seq.

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act
## 47 U.S.C. §227 et seq.

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and
- Any and all other relief that the Court deems just and proper.

///
///
///
///

## JURY DEMAND

35. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 14TH day of July, 2020.

                LAW OFFICES OF TODD M. FRIEDMAN, P.C.
                By:  <u>/s Todd M. Friedman</u>
                      Todd M. Friedman
                      Law Offices of Todd M. Friedman
                      Attorney for Plaintiff

Filed electronically on this 14th day of July, 2020, with:

United States District Court CM/ECF system

Notification sent electronically on this 14th day of July, 2020, to:

Honorable David O. Carter
United States District Court
Central District of California

Notification sent on this 14th day of July, 2020, via the ECF system to all interested parties

By: s/Todd M. Friedman_____
TODD M. FRIEDMAN

## PROOF OF SERVICE

I am employed in Los Angeles, California. I am over the age of 18 and not a party to this action. My business address is 21550 Oxnard St, Suite 780, Woodland Hills, CA 91367.

On July 14, 2020, I served the foregoing document, described as:

**First Amended Class Action Complaint**

[ ] the original of the document
[ x ] true copies of the document

in separate sealed envelopes addressed as follows:

**See Attached Service List**

[ xx ] **BY U.S. MAIL:** I sealed and placed such envelope for collection and mailing to be deposited on the same day at Orange County, CA. The envelopes were mailed with postage thereon fully prepaid. I am readily familiar with the Law Offices of Todd M. Friedman's practice of collection and processing correspondence for mailing. Under this practice, documents are deposited with the U.S. Postal Service on the same day that is stated in the proof of service, with postage fully prepaid at Orange County, CA, in the ordinary course of business.

[ ] **BY FACSIMILE:** I caused the above referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service.

[ ] **STATE:** I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

[ xx ] **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this July 14, 2020, at Tustin, California.

Jose D. Sanchez

| SERVICE LIST<br><br>**Richard Daschbach vs. Call Tolls, Inc., et al.**<br>US District Court for the Central District of California<br>Civil Action No.: 8:20-cv-00633-DOC-ADS ||
|---|---|
| Call Tools, Inc.<br>16842 Von Karman, Suite 250<br>Irvine, CA  92606 | Call Tools, Inc.<br>c/o Cogency Global, Inc., as agent for service<br>1325 J St Ste 1550<br>Sacramento, CA  95814 |
| John Bowen<br>Call Tools, Inc.<br>16842 Von Karman, Suite 250<br>Irvine, CA  92606 | |

**FIRST AMENDED CLASS ACTION COMPLAINT**
-12-